872 F.2d 1024
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Larry COOPER, Plaintiff-Appellant,
v.
Edwin MEESE, United States Department of Justice; Norman
Carlson, United States Parole Commission; Bill R.
Story, Warden, FCI, Ashland Kentucky,
Defendants-Appellees.
 No. 88-5705.
 United States Court of Appeals, Sixth Circuit.
 Feb. 27, 1989.
 
 1
 Before BOYCE F. MARTIN, Jr. and RYAN, Circuit Judges, and GEORGE C. SMITH, District Judge.*
 
 ORDER
 
 2
 This pro se federal prisoner appeals the district court's judgment dismissing his claim for monetary damages based on defendants' failure to provide him with a copy of his pre-sentence investigation reports. This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. After consideration of the record and the plaintiff's appellate brief, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking ten million dollars in damages and immediate disclosure of the reports, Larry Cooper alleged that defendants failed to comply with his Freedom of Information Act (FOIA) requests, that he was denied counsel at a parole hearing, and that the pre-sentence reports contained false information.
 
 
 4
 The matter was referred to the magistrate who construed the complaint as a civil rights action filed under the authority of Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 404 U.S. 519 (1972). The magistrate recommended that the claims for lack of counsel assistance at a parole hearing and for the alleged errors in the pre-sentence report should be dismissed, but that the FOIA claim should be held in abeyance pending a decision from the Supreme Court in Julian v. United States Dep't of Justice, 806 F.2d 1411 (9th Cir.1986), cert. granted sub. nom. United States Dep't of Justice v. Julian, 107 S.Ct. 3209 (1987). Upon de novo review in light of Cooper's objections, the district court adopted the magistrate's findings and entered an order pursuant to the recommendations. Subsequent to the Supreme Court's opinion in United States Dep't of Justice v. Julian, 108 S.Ct. 1606 (1988), the district court entered an order compelling defendants to disclose the information requested by Cooper. However, the district court dismissed the claim for monetary damages under the FOIA as meritless.
 
 
 5
 Upon review we conclude that the district court did not err by construing Cooper's claim as a Bivens-type civil rights action. Cooper failed to plead the threshold allegations to support a civil action under RICO. See 18 U.S.C. Sec. 1962; Cullen v. Margiotta, 811 F.2d 698, 712-13 (2d Cir.), cert. denied, 107 S.Ct. 3266 (1987). Additionally, the district court properly denied Cooper's claims for damages. An award of damages is not authorized for an alleged violation of his Freedom of Information Act under 5 U.S.C. Sec. 552. Moreover, defendants were entitled to qualified immunity because Cooper failed to show that, at the time of the alleged deprivation, his right to protection from defendants' conduct was clearly established. See Ohio Civil Serv. Employees Ass'n v. Seiter, 858 F.2d 1171, 1174 (6th Cir.1988).
 
 
 6
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable George C. Smith, U.S. District Judge for the Southern District of Ohio, sitting by designation